■ ROBERT SCHWARTZ, an Infant, by His Father and Natural Guardian, ALVIN SCHWARTZ, et al., Appellants, v CHARLES LICHT et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated July 10, 1989, as granted the motion of the defendants Charles and

Lynn Licht for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The infant plaintiff Robert Schwartz, then 13 years old, was injured at the home of the defendants Charles and Lynn Licht on November 28, 1982, when in the course of a game he was playing with other youngsters in the darkened basement of the Licht residence he was hit in the eye by a tennis ball thrown by the infant defendant Glenn Freeze.

The instant action was commenced in April 1985 on behalf of the infant plaintiff against the Lichts and Frank and Muriel Biondo, the natural guardians of the infant defendant Freeze, to recover damages for the injuries sustained. The complaint, as later amended, alleged, *inter alia,* that the Lichts were negligent in "permitting dangerous play" in their home and in failing to properly control and supervise the activities of their own child and the other children in their home. Similar causes of action were asserted against the Biondos with respect to the activities of the infant defendant Freeze. After issue was joined the Lichts moved for "summary judgment dismissing plaintiffs' complaint which fails to state a cause of action". The remaining defendants cross-moved for similar relief. The Supreme Court treated both the motion and the cross motion as ones seeking the relief of dismissal of the amended complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action and, under the liberal pleading rules of the CPLR, found the facts stated in the amended complaint sufficient to support the causes of action. The court, therefore, denied the motion and cross motion.

Shortly thereafter the Lichts moved for summary judgment dismissing the complaint. Although a new affirmation of the Lichts' attorney was submitted in support of the motion, the individual affidavits of each of the Lichts were the same affidavits as were submitted on their earlier motion. The arguments advanced in support of the motion for summary judgment essentially parroted their supporting arguments on the earlier motion. The Lichts asserted, *inter alia,* that they may not be held liable for the infant plaintiff's injuries because they had not entrusted the children with a dangerous instrument. Nor could they be found liable on a theory of negligent supervision since in their supporting affidavits they denied any knowledge of the injury-producing activity either prior to or on the date of the accident in question and the plaintiffs had proffered no proof to the contrary. In response

the plaintiffs cross-moved for the imposition of sanctions upon the Lichts' counsel on the ground that he had acted in bad faith in making successive motions for summary judgment. The affirmation of the plaintiffs' attorney did not address the merits of the Lichts' summary judgment motion. The Biondos and Freeze opposed the motion on the ground that it was the same as the Lichts' earlier motion. The Supreme Court granted the motion for summary judgment, finding that the Lichts had established their defense as a matter of law, but the plaintiffs, by failing to submit opposing affidavits, did not sustain their burden of demonstrating the existence of triable issues of fact. This appeal ensued.

The plaintiffs contend on appeal that they did not adequately oppose the Lichts' motion for summary judgment because of their belief that it was identical to the Lichts' earlier motion and, therefore, they were not required to readdress the merits. Notably, however, the plaintiffs opposed both motions solely by their attorney's affirmation, which lacks probative value on a motion for summary judgment (see, CPLR 3212 [b]). Although a parent may be held liable for injury to third persons arising from an infant child's use of a dangerous instrument, particularly where the parent is aware of the use of the dangerous instrument and is capable of controlling its use (see, Nolechek v Gesuale, 46 NY2d 332, 338-340), the tennis ball involved at bar is not a dangerous instrumentality within the meaning of Nolechek v Gesuale (supra; see, e.g., Parsons v Wham-O, Inc., 150 AD2d 435; Young v Dalidowicz, 92 AD2d 242). Accordingly, the Lichts' supporting affidavits sufficiently established their defense to the negligent supervision causes of action asserted against them by indicating their lack of knowledge as to the manner in which the tennis ball was being used and, therefore, their inability to control such behavior (see, Dawes v Ballard, 133 AD2d 662). The Lichts were entitled to judgment in their favor as a matter of law (see, CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 563). Because of the Lichts' equivocal characterization of the first motion and the court's treatment of it as one for a dismissal pursuant to CPLR 3211 (a) (7), we find no error in the Supreme Court's addressing of the merits of the second motion which is clearly a motion for summary judgment. In any event, the plaintiffs failed to supply the necessary evidentiary showing on either the first or the second motion to successfully resist a summary judgment motion and should not now be permitted to correct their failure to do so. If the plaintiffs had factual material with which to defeat the

summary judgment motion they should have produced it *(cf., Rovello v Orofino Realty Co.,* 40 NY2d 633). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.