■ Pui Sang Lai, Also known as Paul Lai, et al., Appellants, v Shuk Yim Lau, Also Known as Shuk Yim Li, et al., Respondents. [855 NYS2d 615]—

In an action, inter alia, in effect, to recover damages for breach of contract, fraud, and violation of Judiciary Law § 487, and for an accounting, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated December 7, 2006, as, in effect, granted the motion of the defendant Barry I. Siegel for summary judgment dismissing the complaint insofar as asserted

against him, and granted those branches of the motion of the defendants Shuk Yim Lau, also known as Shuk Yim Li, and Che Sun Li, also known as Thomas C.S. Li, which were for summary judgment dismissing the first, second, third, and fourth causes of insofar as asserted against them.

Ordered that the order is affirmed insofar appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On March 10, 2000, the defendant Shuk Yim Lau, also known as Shuk Yim Li (hereinafter the seller), who is the wife of the defendant Che Sun Li, also known as Thomas C.S. Li, sold certain real property titled in her name. The plaintiffs subsequently commenced the instant action against the seller, her husband, and the defendant Barry I. Siegel, an attorney who represented the seller in connection with the sale of the property. The plaintiffs sought to recover half of the proceeds of the sale, alleging that they owned a 50% interest in the subject real property by virtue of an agreement they entered into with the seller and her husband in 1986.

The Supreme Court properly, in effect, granted Siegel's motion for summary judgment dismissing the complaint insofar as asserted against him. On his motion, Siegel made a prima facie showing of his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). He established, among other things, that there was no evidence of his intent "to deceive, or a chronic, extreme pattern of legal delinquency that proximately caused the [plaintiffs'] alleged damages" (*Knecht v Tusa*, 15 AD3d 626, 627 [2005] [internal quotation marks omitted]; *see* Judiciary Law § 487). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The Supreme Court also properly awarded the seller and her husband summary judgment dismissing the first, second, third, and fourth causes of action insofar as asserted against them. On their cross motion, they made a prima facie showing of their entitlement to judgment as a matter of law with respect to these causes of action (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). The seller and her husband established, among other things, that the plaintiffs failed to perform any of their obligations under the agreement and therefore, the agreement was unenforceable (*see GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 968 [1985]; *see also Furia v Furia*, 116 AD2d 694, 695 [1986]). The seller and her husband also established that they did not induce the plaintiffs to enter into the agreement by misrepresenting a material fact collateral to the agreement (*see*

*Ross v DeLorenzo*, 28 AD3d 631, 636 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The plaintiffs' remaining contentions are without merit. Lifson, J.P., Florio, Covello and Chambers, JJ., concur.