■ 1911 RICHMOND AVENUE ASSOCIATES, LLC, Respondent, v G.L.G. CAPITAL, LLC, et al., Appellants. [876 NYS2d 151]—

In an action to recover damages for breach of two leases, the defendants appeal from an order of the Supreme Court, Richmond County (McMahon, J.), dated July 17, 2008, which denied the motion of the defendant J.P. Turner & Co., LLC, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the appeal by the defendants G.L.G. Capital, LLC, Rocco Guidicipietro, and Robert Peters is dismissed, as those defendants are not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed on the appeal by the defendant J.P. Turner & Co., LLC; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant J.P. Turner & Co., LLC.

The plaintiff commenced this action to recover damages for breach of two leases for the rental of commercial office space. The defendant J.P. Turner & Co., LLC (hereinafter Turner), moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it, contending that it was not a signatory to the leases; nor did it have any relationship with the signatory tenant, the defendant G.L.G. Capital LLC (hereinafter GLG). The plaintiff pleaded in the complaint that GLG was either a subsidiary, agent, representative, or licensee of Turner, and therefore, Turner could be held liable for GLG's breach.

In support of its motion, Turner submitted an attorney's affirmation and a licensing agreement allegedly entered into between Turner and the two individual defendants, who were also members of GLG. Turner alleged that it did not have any relationship with GLG since GLG was not a signatory to this licensing agreement.

In order to demonstrate entitlement to dismissal of a complaint pursuant to CPLR 3211 (a) (1), the documentary evidence submitted must conclusively establish a defense to the asserted claims as a matter of law (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Williams v Williams*, 36 AD3d 693, 695 [2007]; *New York Community Bank v Snug Harbor Sq. Venture*, 299 AD2d 329, 330 [2002]). Here, the existence of a licensing agreement between Turner and the individually named defendants that was not executed by Turner fails to establish the absence of any relationship or agreement between Turner and GLG. The attorney's affirmation submitted in support of the motion may not be used to establish that no other agreements or relationship existed, as the attorney was not a witness with knowledge (*see Advanced Global Tech., LLC v Sirius Satellite Radio, Inc.*, 44 AD3d 317, 318 [2007]; *Curry v D'Onofrio*, 29 AD3d 727, 730 [2006]; *Menzel v Plotnick*, 202 AD2d 558, 559 [1994]; *Schwartz v Licht*, 173 AD2d 458, 460 [1991]). Further, the excerpt of the deposition testimony of Rocco Guidicipietro cited to in Turner's brief on this appeal was not submitted to the motion court and was not contained within the record, and therefore, may not be considered.

The complaint also could not be dismissed pursuant to CPLR 3211 (a) (7), as the evidentiary material submitted by Turner did not demonstrate that the material fact alleged by the plaintiff in the complaint that GLG was acting as some type of representative of Turner was not true, or that there was no significant dispute regarding it (*see Sta-Brite Servs., Inc. v Sutton*, 17 AD3d 570, 571 [2005]).

Accordingly, the motion was properly denied. Mastro, J.P., Rivera, Dickerson and Leventhal, JJ., concur.