■ KRISTIN DUPREE, Appellant, v OLIVER RAYMOND VOORHEES III, Defendant, and KARYN A. VILLAR et al., Respondents. [959 NYS2d 235]—

In an action, inter alia, to recover damages for violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Brown, J.), dated January 5, 2012, which denied her motion for summary judgment on the complaint insofar as asserted against the defendants Karyn A. Villar and Dorothy A. Courten, or, in the alternative, to preclude the use of expert testimony at trial.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's motion which was to preclude the use of expert testimony at trial is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants Karyn A. Villar and Dorothy A. Courten. Villar represented the plaintiff's former husband in an underlying matrimonial action. The plaintiff alleges that Villar violated Judiciary Law § 487 in the course of that representation, and that Courten, Villar's law partner, is vicariously liable for Villar's alleged wrongdoing. Pursuant to Judiciary Law § 487 (1), "[a]n attorney or counselor who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, *with intent to deceive* the court or any party . . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action" (Judiciary Law § 487 [1] [emphasis added]). Here, the plaintiff failed to sustain her initial burden of demonstrating the absence of a triable issue of fact as to whether Villar intended to deceive the court or any party (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). To the limited extent that decisions of this Court have recognized an alternative predicate for liability under Judiciary Law § 487 based upon an attorney's "chronic, extreme pattern of legal delinquency" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 74 AD3d 1168, 1172 [2010] [internal quotation marks omitted]; *see Boglia v Greenberg*, 63 AD3d 973, 975 [2009]; *Pui Sang Lai v Shuk Yim Lau*, 50 AD3d 758, 759 [2008]; *Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534, 537 [2006]; *Knecht v Tusa*, 15 AD3d 626, 627 [2005]), they should not be followed, as the only liability standard recognized in Judiciary Law § 487 is that of an intent to deceive (*see Amalfitano v Rosenberg*, 533 F3d 117, 123 [2008]).

The Supreme Court's determination denying that branch of the plaintiff's motion which was to preclude the use of expert testimony at trial was an evidentiary ruling. Such a ruling, "even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion," which is not appealable, either as of right or by permission (*Citlak v Nassau County Med. Ctr.*, 37 AD3d 640, 640 [2007] [internal quotation marks omitted]; *see Swezey v Montague Rehab & Pain Mgt., P.C.*, 84 AD3d 779, 779 [2011]; *Rosenfeld v Baker*, 78 AD3d 810, 810-811 [2010]; *Cortez v Northeast Realty Holdings, LLC*, 78 AD3d 754, 757 [2010]; *Boeke v Our Lady of Pompei School*, 73 AD3d 825, 827 [2010]; *Barnes v Paulin*, 52 AD3d 754, 755 [2008]; *Danne v*

*Otis El. Corp.*, 276 AD2d 581, 582 [2000]). Thus, the plaintiff's appeal from so much of the order as denied that branch of her motion must be dismissed. Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.