*460 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated October 2, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint and denied his cross motion for leave to amend the complaint to include a cause of action alleging a violation of Labor Law § 376.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly fell into an open trap door during the course of his employment at a restaurant, and commenced this action against the defendant, which owned the premises. The defendant moved for summary judgment dismissing the complaint, contending that it was an out-of-possession landlord that could not be held liable for the plaintiff’s injuries. The plaintiff cross-moved for leave to amend the complaint to include a cause of action alleging a violation of Labor Law § 376. The Supreme Court granted the defendant’s motion and denied the plaintiffs cross motion.
The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it was out-of-possession landlord that retained no control over the premises where the plaintiffs accident occurred, and was not obligated by contract or statute to maintain or repair the premises (see O’Connell v L.B. Realty Co., 50 AD3d 752 [2008]; Kramer v Ash Clothing, 213 AD2d 600 [1995]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint.
With respect to the plaintiffs cross motion, applications for leave to amend pleadings should be freely granted except when the delay in seeking leave to amend would directly cause undue prejudice or surprise to the opposing party, or when the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; Ramos v Baker, 91 AD3d 930, 932 [2012]; Fusca v A & S Constr., LLC, 84 AD3d 1155, 1157 [2011]; Lucido v Mancuso, 49 AD3d 220, 229 [2008]). Here, the Supreme Court properly denied the plaintiffs motion for leave to amend the complaint since the proposed amendment was patently devoid of merit (see CPLR 3025 [b]). Eng, PJ., Balkin, Roman and Miller, JJ., concur.