■ THOMAS TENORE, Appellant, v KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C., Respondent. [994 NYS2d 171]—

In an action to recover damages for a violation of Judiciary Law § 487, fraud, and abuse of process, the plaintiff appeals from an order of the Supreme Court, Rockland County (Loehr, J.), dated February 28, 2012, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for leave to amend the complaint to add causes of action alleging a violation of General Business Law § 349, prima facie tort, and malicious prosecution.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant law firm, which represented his former wife in a matrimonial action against him, alleging a violation of Judiciary Law § 487, fraud, and abuse of process. The plaintiff alleged, inter alia, that the defendant included in the underlying matrimonial action a cause of action to recover damages for assault that was without any factual basis, in an attempt to extract additional money from him in the course of that litigation. The defendant moved for summary judgment dismissing the complaint in the instant action, and the plaintiff cross-moved for leave to amend that complaint to add causes of action to recover damages for a violation of General Business Law § 349, prima facie tort, and malicious prosecution. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion.

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Judiciary Law § 487. The defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing its lack of intent to deceive (*see Dupree v Voorhees*, 102 AD3d 912, 913 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for fraud. The defendant established, prima facie, that it did not make a material misrepresentation of an existing fact (*see High Tides, LLC v DeMichele*, 88 AD3d 954, 957 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for abuse of process.

Where, as here, "process is used for the purpose for which it was intended, a cause of action to recover damages for abuse of process does not lie" (*Dupree v Voorhees*, 68 AD3d 807, 810 [2009]). Thus, the defendant established its prima facie entitlement to judgment as a matter of law and, in opposition, the plaintiff failed to raise a triable issue of fact.

As for the plaintiff's cross motion, "applications for leave to amend pleadings should be freely granted except when the delay in seeking leave to amend would directly cause undue prejudice or surprise to the opposing party, or when the proposed amendment is palpably insufficient or patently devoid of merit" (*Mastrokostas v 673 Madison, LLC*, 109 AD3d 459, 460 [2013]). Here, the Supreme Court properly denied the plaintiff's cross motion for leave to amend the complaint, since the proposed amendments were palpably insufficient or patently devoid of merit (*see id.*).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.