■ KAREN CULLIN, Appellant, v JAMES SPIESS, ESQ., Respondent. [997 NYS2d 460]—

In an action, inter alia, to recover damages for negligent misrepresentation, legal malpractice, and violations of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated August 23, 2012, which denied her motion for summary judgment on the

complaint and granted the defendant's cross motion for summary judgment dismissing the fourth, sixth, eighth, and twelfth causes of action.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant, her former attorney, alleging, inter alia, that he committed legal malpractice, made negligent misrepresentations, and violated Judiciary Law § 487, in connection with the settlement of a contested probate proceeding in which the defendant represented the plaintiff. The plaintiff moved for summary judgment on the complaint and the defendant cross-moved for summary judgment dismissing the fourth, sixth, eighth, and twelfth causes of action, all of which alleged violations of Judiciary Law § 487 (1). The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion.

The plaintiff failed to demonstrate her prima facie entitlement to judgment as a matter of law on the complaint. The plaintiff failed to submit, with her moving papers, an affidavit by a person with knowledge of the facts (*see* CPLR 3212 [b]; *Currie v Wilhouski*, 93 AD3d 816, 817 [2012]; *Menzel v Plotnick*, 202 AD2d 558, 559 [1994]). The affirmation of the plaintiff's attorney, who did not have personal knowledge of the facts, was without probative value, and the remaining exhibits were insufficient to support the motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Rivers v Birnbaum*, 102 AD3d 26 [2012]; *1911 Richmond Ave. Assoc., LLC v G.L.G. Capital, LLC*, 60 AD3d 1021, 1022 [2009]; *Menzel v Plotnick*, 202 AD2d at 559).

In contrast, the defendant demonstrated his prima facie entitlement to judgment as a matter of law dismissing the fourth, sixth, eighth, and twelfth causes of action alleging that he violated Judiciary Law § 487, by establishing that there was no evidence of his alleged intent to deceive the plaintiff in connection with the settlement (*see Dupree v Voorhees*, 102 AD3d 912 [2013]; *Boglia v Greenberg*, 63 AD3d 973, 975 [2009]; *Pui Sang Lai v Shuk Yim Lau*, 50 AD3d 758 [2008]; *Knecht v Tusa*, 15 AD3d 626, 627 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and properly granted the defendant's cross motion for summary judgment dismissing the fourth, sixth, eighth, and twelfth causes of action. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.