■ THOMAS J. GILLEN, Appellant, v JOHN T. MCCARRON et al., Respondents. [6 NYS3d 253]—

In an action to recover damages for violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Suffolk County (LaSalle, J.), dated March 18, 2013,

which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The complaint is premised on allegations that the defendants violated Judiciary Law § 487 by making false statements during the course of various prior actions and proceedings regarding the occupancy of certain real property. In support of their motion for summary judgment, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not act with any "intent to deceive" the court or the plaintiff in the previous proceedings (Judiciary Law § 487 [1]; see *Cullin v Spiess*, 122 AD3d 792, 793 [2014]; *Tenore v Kantrowitz, Goldhamer & Graifman, P.C.*, 121 AD3d 775 [2014]; *Dupree v Voorhees*, 102 AD3d 912 [2013]). Moreover, the defendants established that the plaintiff was aware of the alleged violations of Judiciary Law § 487 when they occurred, and addressed most of them in the course of making applications for sanctions against the defendants in the prior actions and proceedings. Since the plaintiff had a full and fair opportunity to address the alleged violations which were the subject of his sanction applications, and those applications were denied, he is barred by the doctrine of collateral estoppel from relitigating those issues (*see Izko Sportswear Co., Inc. v Flaum*, 63 AD3d 687, 688 [2009]; *Hansen v Werther*, 2 AD3d 923, 923 [2003]; *Alliance Network, LLC v Sidley Austin LLP*, 43 Misc 3d 848, 857 [Sup Ct, NY County 2014]; *God's Battalion of Prayer Pentecostal Church, Inc. v Hollander*, 24 Misc 3d 1250[A], 2009 NY Slip Op 51939[U] [Sup Ct, Nassau County 2009], *affd* 82 AD3d 1156 [2011]). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.

In light of our determination, we need not address the parties' remaining contentions. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.