SPECIALIZED INDUSTRIAL SERVICES CORP., Appellant, v BENJAMIN E. CARTER, Respondent. (And a Third-Party Action.) [16 NYS3d 759]—In an action, inter alia, to recover damages for a violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated August 29, 2013, which granted the defendant's motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Specialized Industrial Services Corp. (hereinafter Specialized), commenced this action against Benjamin E. Carter seeking, inter alia, to recover damages for a violation of Judiciary Law § 487. In its amended complaint, Specialized alleged that at an inquest on damages in a prior action, in which it was the defendant and Carter represented the plaintiff, Carter knowingly introduced fraudulent documents which served as the basis for a judgment entered against it. Specialized further alleged that this was part of a larger scheme consisting of two other lawsuits wherein Carter was involved in the use of fabricated evidence to create or inflate damages.

Carter established his prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that he did not act with any "intent to deceive" (Judiciary Law § 487 [1]; *see Gillen v McCarron*, 126 AD3d 670, 671 [2015]; *Cullin v Spiess*, 122 AD3d 792, 793 [2014]; *Tenore v Kantrowitz, Goldhamer & Graifman, P.C.*, 121 AD3d 775 [2014]; *Dupree v Voorhees*, 102 AD3d 912 [2013]). In opposition to Carter's prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Carter's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability.

In light of our determination, we need not address the parties' remaining contentions. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.