■ Lawrence Ripak Co., Inc., Appellant, v Sam Z. Gdanski, Respondent. [39 NYS3d 223]—In an action to recover damages for violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated April 15, 2015, which granted the defendant's motion for summary judgment dismissing the complaint and for an award of attorney's fees and costs, and to impose sanctions against the plaintiff's attorney pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly granted that branch of the de-

fendant's motion which was for summary judgment dismissing the complaint in this action to recover damages for attorney misconduct pursuant to Judiciary Law § 487. The defendant demonstrated his prima facie entitlement to judgment as a matter of law by establishing that he did not "commit deceit or collusion" upon the court or any party (Judiciary Law § 487 [1]; *see Tenore v Kantrowitz, Goldhamer & Graifman, P.C.*, 121 AD3d 775 [2014]; *Pui Sang Lai v Shuk Yim Lau*, 50 AD3d 758 [2008]; *Knecht v Tusa*, 15 AD3d 626 [2005]; *O'Connell v Kerson*, 291 AD2d 386 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court also properly granted that branch of the defendant's motion which was for an award of attorney's fees and costs, and to impose sanctions upon the plaintiff's counsel pursuant to 22 NYCRR 130-1.1. The court correctly concluded that the lawsuit against the defendant was "completely without merit in the law," and that it was "undertaken primarily to . . . harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]). Under such circumstances, the plaintiff's commencement and maintenance of the lawsuit constituted sanctionable "frivolous conduct" (22 NYCRR 130-1.1 [c]; *see Miller v Cruise Fantasies, Ltd.*, 74 AD3d 919 [2010]; *Astrada v Archer*, 71 AD3d 803, 806 [2010]; *Kamen v Diaz-Kamen*, 40 AD3d 937, 938 [2007]).

The parties' remaining contentions are without merit. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.