■ Jacquelyn Williams, Individually and as Administratrix of the Estate of Charlie Williams, Jr., Appellant, v Mae Ruth Williams et al., Defendants, and Jessica Lang et al., Respondents. [53 NYS3d 152]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered May 20, 2014, as granted that branch of the motion of the defendants Jessica Lang and James Corbett which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them and denied her cross motion for leave to amend the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, as administratix of her father's estate and in her individual capacity, commenced this action, inter alia, pur-

suant to RPAPL article 15 to compel the determination of claims to property located at 140-10 161st Street, Jamaica, Queens, and to recover damages for, among other things, fraud, unjust enrichment, and negligent and intentional infliction of emotional distress. The defendants Jessica Lang and James Corbett (hereinafter together the defendants), a notary and an attorney, respectively, allegedly prepared a fraudulent deed conveying the subject property. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them. The plaintiff cross-moved for leave to amend the amended complaint. The Supreme Court granted that branch of the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.

Contrary to the plaintiff's contentions, the Supreme Court properly determined that the amended complaint failed to state causes of action against the defendants alleging fraud (*see Ideal Steel Supply Corp. v Anza*, 63 AD3d 884 [2009]), unjust enrichment (*see GFRE, Inc. v U.S. Bank, N.A.*, 130 AD3d 569, 570 [2015]), or negligent and intentional infliction of emotional distress (*see Santana v Leith*, 117 AD3d 711 [2014]; *Klein v Metropolitan Child Servs., Inc.*, 100 AD3d 708, 710-711 [2012]; *Crispino v Greenpoint Mtge. Corp.*, 2 AD3d 478, 480 [2003]). Further, New York does not recognize civil conspiracy to commit a tort as an independent cause of action, and a cause of action alleging conspiracy to commit a tort stands or falls with the underlying tort (*see Blanco v Polanco*, 116 AD3d 892, 895-896 [2014]; *Barns & Farms Realty, LLC v Novelli*, 82 AD3d 689, 691 [2011]). Since the court properly granted dismissal of the tort causes of action in the amended complaint insofar as asserted against the defendants for failure to state a cause of action, the court also properly granted dismissal of the cause of action alleging civil conspiracy insofar as asserted against the defendants (*see Arvanitakis v Lester*, 145 AD3d 650, 652-653 [2016]). Similarly, the plaintiff's claim for punitive damages insofar as asserted against the defendants is not cognizable, since "[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action" (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616 [1994]).

The Supreme Court also properly denied the plaintiff's cross motion for leave to amend the amended complaint (*see Chang v First Am. Tit. Ins. Co. of N.Y.*, 20 AD3d 502 [2005]).

The plaintiff's remaining contentions are without merit. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.