■ Gregory Dec, Appellant, v BFM Realty, LLC, et al., Respondents. [59 NYS3d 453]—

In an action to recover damages for fraud and violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Kings County (Walker, J.), dated January 8, 2016, which granted the defendants' motion pursuant to CPLR 3211 (a) (4) to dismiss the first cause of action alleging fraud, and for summary judgment dismissing the second cause of action alleging a violation of Judiciary Law § 487.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action alleging two causes of action. The first cause of action, alleging fraud, was asserted against the defendants BFM Realty, LLC, and Abraham Lichtenstein. The second cause of action, alleging a violation of Judiciary Law § 487, was asserted against the defendants Goldberg & Rimberg, PLLC, Israel Goldberg, and Brad Coven (hereinafter collectively the attorney defendants). The defendants moved pursuant to CPLR 3211 (a) (4) to dismiss the first cause of action and for summary judgment dismissing the second cause of action. In an order dated January 8, 2016, the Supreme Court granted the motion. The plaintiff appeals.

"Pursuant to CPLR 3211 (a) (4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same. It is not necessary that the precise legal theories presented in the first action also be presented in the second action as long as the relief . . . is the same or substantially the same" (*Swartz v Swartz*, 145 AD3d 818, 822 [2016] [internal quotation marks and citations omitted]; *see Whitney v Whitney*, 57 NY2d 731, 732 [1982]). Here, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (4) to dismiss the first cause of action alleging fraud on the ground that there was another action pending for substantially the same relief.

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action alleging a violation of Judiciary Law § 487. "Judiciary Law § 487 exposes an attorney who '[i]s guilty of any deceit or collusion . . . with intent to deceive the

court or any party' to criminal (misdemeanor) liability and treble damages, to be recovered by the injured party in a civil action" (*Melcher v Greenberg Traurig, LLP*, 23 NY3d 10, 12-13 [2014], quoting Judiciary Law § 487 [1]). Here, the defendants established, prima facie, that the attorney defendants did not commit deceit or collusion upon the court or any party (*see Lawrence Ripak Co., Inc. v Gdanski*, 143 AD3d 862, 863 [2016]; *Klein v Rieff*, 135 AD3d 910, 912 [2016]; *Specialized Indus. Servs. Corp. v Carter*, 131 AD3d 1162 [2015]). In opposition, the plaintiff failed to raise a triable issue of fact. Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.