U.S. Bank, N.A. v Deshuk-Flores (2018 NY Slip Op 05072)





U.S. Bank, N.A. v Deshuk-Flores


2018 NY Slip Op 05072


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-08524
 (Index No. 16382/11)

[*1]U.S. Bank, N.A., etc., respondent, 
v
Claudia Deshuk- Flores, also known as Claudia Flores, appellant, et al., defendants.


Claudia Deshuk, named herein as Claudia Deshuk Flores, also known as Claudia Flores, North Merrick, NY, appellant pro se.
Rosenberg & Estis, P.C., New York, NY (Timothy J. Fierst and Jamie C. Krapf of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Claudia Deshuk-Flores, also known as Claudia Flores, appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 8, 2015. The order, insofar as appealed from, denied those branches of that defendant's motion which were to dismiss the complaint insofar as asserted against her on the grounds that an action between the same parties for the same cause of action was pending when the instant action was commenced and that the plaintiff lacked standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2005, Claudia Deshuk Flores, also known as Claudia Flores (hereinafter the defendant), and her then husband, Jose A. Flores (hereinafter together the defendants), executed a note in the sum of $275,000 in favor of American Home Mortgage (hereinafter AHM). The note was secured by a mortgage on residential property located in North Merrick. By assignment of mortgage dated February 26, 2009, Mortgage Electronic Registration Systems, Inc., assigned the mortgage to Wachovia Bank, National Association (hereinafter Wachovia). In October 2009, Wachovia commenced an action against the defendants, among others (hereinafter the 2009 action), to foreclose the mortgage. In November 2010, the Supreme Court granted the defendant's motion to dismiss the 2009 action insofar as asserted against her for lack of personal jurisdiction. In December 2010, Wachovia commenced a second foreclosure action against the defendant only (hereinafter the 2010 action). In May 2011, the Supreme Court dismissed the 2010 action based on Wachovia's failure to serve notice pursuant to RPAPL 1304.
In November 2011, Wells Fargo Bank, N.A., as successor by merger to Wachovia (hereinafter Wells Fargo), commenced the instant action against the defendants, among others, to foreclose the mortgage. In May 2012, the Supreme Court denied, without prejudice, the defendant's motion, inter alia, to dismiss the complaint insofar as asserted against her. Thereafter, by assignment of mortgage dated August 26, 2013, Wells Fargo assigned the mortgage to U.S. Bank, N.A. [*2](hereinafter U.S. Bank). Thereafter, U.S. Bank was substituted as the plaintiff, and the caption was amended accordingly.
In May 2014, the defendant moved pro se, inter alia, to dismiss the complaint insofar as asserted against her. The defendant argued, among other things, that the complaint should be dismissed because the 2009 action was still pending and that Wells Fargo lacked standing. U.S. Bank opposed the motion. In the order appealed from, the Supreme Court denied the motion. The defendant appeals.
Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same (see Whitney v Whitney, 57 NY2d 731, 732; Dec v BFM Realty, LLC, 153 AD3d 497, 497; Swartz v Swartz, 145 AD3d 818, 822). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to dismiss the instant action on the ground that the 2009 action was still pending, as the plaintiff cannot obtain full redress of its rights in the 2009 action, to which the defendant, a record owner of the premises and a mortgagor, is no longer a party (see Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 849). The defendant's contention that Wells Fargo violated RPAPL 1301(3) by failing to seek leave of court before commencing the instant action is improperly raised for the first time on appeal.
That branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her on the ground that Wells Fargo lacked standing was also properly denied. A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (see Wells Fargo Bank, N.A. v Archibald, 150 AD3d 935, 936; U.S. Bank, N.A. v Noble, 144 AD3d at 787; U.S. Bank N.A. v Guy, 125 AD3d 845, 847; HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061, 1062). Here, the defendant failed to meet her burden. Although the assignment of mortgage from AHM to Wachovia did not purport to assign the note and, thus, was ineffective to confer standing, the defendant made no showing that Wells Fargo was not the holder of the note at the time the action was commenced (see Wells Fargo Bank, N.A. v Archibald, 150 AD3d at 936).
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court