Kaufman v Moritt Hock & Hamroff, LLP (2021 NY Slip Op 01969)





Kaufman v Moritt Hock & Hamroff, LLP


2021 NY Slip Op 01969


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-14550
 (Index No. 611671/17)

[*1]Allen M. Kaufman, etc., appellant,
v
Moritt Hock & Hamroff, LLP, et al., respondents.


Marzano Lawyers PLLC, New York, NY (Naved Amed of counsel), for appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Marian C. Rice and Meredith D. Belkin of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages pursuant to Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered September 10, 2018. The order granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against attorneys who formerly represented his brother in certain Surrogate's Court estate administration matters. The plaintiff sought damages pursuant to Judiciary Law § 487. "Under Judiciary Law § 487(1), an attorney who '[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party' is liable to the injured party for treble damages" (Izmirligil v Steven J. Baum, P.C., 180 AD3d 767, 771).
Contrary to the defendants' contention, the plaintiff was not precluded from commencing this action in the Supreme Court, even though it related to the alleged conduct of the defendants in the prior Surrogate's Court matters (cf. Urias v Daniel P. Buttafuoco & Assoc., PLLC, 173 AD3d 1244, 1246; Gillen v McCarron, 126 AD3d 670). Nevertheless, the complaint, even when construed in the light most favorable to the plaintiff (see Leon v Martinez, 84 NY2d 83, 87-88), does not allege conduct that is actionable under Judiciary Law § 487.
Relief pursuant to Judiciary Law § 487 "is not lightly given" (Chowaiki & Co. Fine Art Ltd. v Lacher, 115 AD3d 600, 601), and requires a showing of "egregious conduct or a chronic and extreme pattern of behavior on the part of the defendant attorneys" (Savitt v Greenberg Traurig, LLP, 126 AD3d 506, 507 [internal quotation marks omitted]; see Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615; Wailes v Tel Networks USA, LLC, 116 AD3d 625, 625-626). "A cause of action alleging a violation of Judiciary Law § 487 must be pleaded with specificity" (Betz v Blatt, 160 AD3d 696, 698; see Sammy v Haupel, 170 AD3d 1224, 1225).
The complaint essentially alleges only that in the underlying Surrogate's Court [*2]matters, the defendants advocated for certain legal and factual positions on behalf of their client. Under these circumstances, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint, finding that these allegations, even if proven, would not entitle the plaintiff to relief pursuant to Judiciary Law § 487 (see Sammy v Haupel, 170 AD3d at 1225-1226; Seldon v Lewis Brisbois Bisgaard & Smith LLP, 116 AD3d 490, 491; Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 759; see also Bill Birds, Inc. v Stein Law Firm, PC, 164 AD3d 635, 636-637, affd 35 NY3d 173).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court