Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP (2021 NY Slip Op 06852)





Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP


2021 NY Slip Op 06852


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-05017
 (Index No. 18431/15)

[*1]Paul Palmieri, appellant, 
v
Perry, Van Etten, Rozanski & Primavera, LLP, et al., respondents.


Judith N. Berger, Babylon, NY, for appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Merril S. Biscone of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for abuse of process, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), entered February 22, 2018. The judgment, upon an order of the same court dated December 7, 2017, granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
Initially, we note that the plaintiff failed to perfect an appeal from an order dated December 7, 2017, which granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. On this appeal from a judgment entered on that order, the plaintiff argues that the Supreme Court improperly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. As a general rule, we do not consider any issue raised on a subsequent appeal that could have been raised in an earlier appeal that was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350; Green Tree Credit, LLC v Jelks, 120 AD3d 1299, 1300). However, since the right of direct appeal from an order terminates once judgment has been entered (see Matter of Aho, 39 NY2d 241), and since the plaintiff timely appealed from the judgment before his appeal from the order was deemed dismissed for failure to prosecute, we exercise our jurisdiction to entertain this appeal from the judgment.
In a prior lawsuit, the plaintiff sought to recover damages against the Town of Babylon based upon unlawful entry on his property by various individuals using a public access way from a public road. That prior lawsuit was settled by a stipulation in which the Town agreed, inter alia, to erect a fence, then litigation ensued regarding the Town's failure to erect the fence. Thereafter, the plaintiff commenced this action against the defendants, who were the attorneys representing the Town in the prior proceedings. The plaintiff alleges, among other things, that the defendants intentionally deprived him of his right to have the fence erected in a timely manner, and that they conspired using fraud and deceit to prevent the installation of the fence. The complaint purports to assert causes of action alleging, inter alia, abuse of process, conspiracy, fraud/collusion, respondeat superior, violation of Judiciary Law § 487, tortious interference with contract, trespass, [*2]and conversion. In an order dated December 7, 2017, the Supreme Court granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. A judgment entered upon the order on February 22, 2018, is in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept as true the facts as alleged in the pleading and submissions in opposition to the motion, accord the plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory (see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63-64).
"Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to harm without excuse or justification, and (3) use of process in a perverted manner to obtain a collateral objective" (Panish v Steinberg, 32 AD3d 383, 383). "The gist of the action for abuse of process lies in the improper use of process after it is issued" (Williams v Williams, 23 NY2d 592, 596 [internal quotation marks omitted]; see Curiano v Suozzi, 63 NY2d 113, 117). Here, the plaintiff failed to allege the essential element of regularly issued civil or criminal process (see Williams v Williams, 23 NY2d at 596), and, therefore, failed to state a cause of action alleging abuse of process.
Pursuant to Judiciary Law § 487, an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action." In order to establish liability under section 487, the plaintiff must show that the defendant acted with intent to deceive him or her or the court (see Gillen v McCarron, 126 AD3d 670, 671; Cullin v Spiess, 122 AD3d 792, 793; Dupree v Voorhees, 102 AD3d 912, 913). "Allegations regarding an act of deceit or intent to deceive must be stated with particularity" (Bill Birds, Inc. v Stein Law Firm, P.C., 164 AD3d 635, 637, affd 35 NY3d 173). Here, the plaintiff's conclusory allegations were insufficient to state a cause of action alleging violation of Judiciary Law § 487 (see Klein v Rieff, 135 AD3d 910, 912; Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 759).
"The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d 1005, 1006). "Although on a motion to dismiss the allegations in a complaint should be construed liberally, to avoid dismissal of a tortious interference with contract claim a plaintiff must support his [or her] claim with more than mere speculation" (Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036 [internal quotation marks omitted]). A cause of action alleging tortious interference with contractual relations must be dismissed where the allegations in support of the cause of action "are devoid of a factual basis and are vague and conclusory" (Schuckman Realty v Marine Midland Bank, 244 AD2d 400, 401; see Black Car & Livery Ins., Inc. v H & W Brokerage, Inc., 28 AD3d 595, 595). Here, the plaintiff's allegations that the defendants intentionally caused the Town to breach the stipulation were conclusory and speculative, and therefore, insufficient.
"New York does not recognize civil conspiracy to commit a tort as an independent cause of action" (McSpedon v Levine, 158 AD3d 618, 621). "However, 'a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme'" (Blanco v Polanco, 116 AD3d 892, 896, quoting Litras v Litras, 254 AD2d 395, 396). "In order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement" (Perez v Lopez, 97 AD3d 558, 560). Here, the complaint did not identify a cognizable tort to support the cause of action for conspiracy, and all the other causes of action in the complaint were properly dismissed (see McSpedon v Levine, 158 AD3d at 621; [*3]Williams v Williams, 149 AD3d 1145, 1146).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court