Washington v Todd (2022 NY Slip Op 06282)

Washington v Todd

2022 NY Slip Op 06282

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-12625
 (Index No. 706940/2015)

[*1]Tiffany Washington, etc., respondent,
v
Angela H. Todd, etc., et al., appellants, et al., defendant.

Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel Lei and Daniel S. Ratner of counsel), for appellants.
The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly and Mitchell Gittin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Angela H. Todd, Geddis Abel-Bey, Dr. Geddis Abel-Bey, Jr., M.D., P.C., and Phoenix OB/GYN Services appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated August 20, 2019. The order, insofar as appealed from, after a hearing, granted that branch of those defendants' motion which was to preclude the plaintiff from offering an expert medical opinion that polymicrogyria can be caused by periventricular leukomalacia, associated with the complications of extreme prematurity, only to the extent of precluding the plaintiff from offering an expert medical opinion that polymicrogyria can be caused by post-delivery events.
ORDERED that the appeal is dismissed, with costs.
The plaintiff alleges that, as a result of the defendants' medical malpractice, her infant son suffered complications from his premature birth including polymicrogyria (hereinafter PMG) and petriventricular leukomalacia (hereinafter PVL). Before the trial, the defendants Angela H. Todd, Geddis Abel-Bey, Dr. Geddis Abel-Bey, Jr., M.D., P.C., and Phoenix OB/GYN Services (hereinafter collectively the defendants) moved, inter alia, to preclude the plaintiff from offering an expert medical opinion that PVL, associated with the complications of extreme prematurity, could have caused the infant plaintiff's PMG, or in the alternative, for a hearing pursuant to Frye v United States (293 F 1013 [D.C. Cir]). The Supreme Court conducted a Frye hearing, and thereafter granted the defendants' motion only to the extent of precluding the plaintiff from offering an expert medical opinion that polymicrogyria can be caused by post-delivery events. The defendants appeal, contending that the court also should have precluded the plaintiff from offering an expert medical opinion that PMG can be caused by extreme prematurity, prematurity, PVL, and intraventricular hemorrhage.
The Supreme Court's determination precluding the plaintiff from offering certain expert medical opinions at trial, and implicitly declining to preclude the plaintiff from offering certain other expert medical opinions, was an evidentiary ruling. Such a ruling, even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion, which is not appealable, [*2]either as of right or by permission (see Dupree v Voorhees, 102 AD3d 912; Barnes v Paulin, 52 AD3d 754; Citlak v Nassau County Med. Ctr., 37 AD3d 640). Thus, the appeal must be dismissed (see Dupree v Voorhees, 102 AD3d at 914).
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court