New York Bus Operators Compensation Trust v Arthur J. Gallagher & Co. (2025 NY Slip Op 04578)

New York Bus Operators Compensation Trust v Arthur J. Gallagher & Co.

2025 NY Slip Op 04578

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-00564
 (Index No. 615531/17)

[*1]New York Bus Operators Compensation Trust, plaintiff/counterclaim defendant-appellant, 
v
Arthur J. Gallagher & Co., et al., defendants/counterclaim plaintiffs-respondents, Risk Management Planning Group, Inc., etc., defendant-respondent (and a third- party action).

Barbiero Bisch O'Connor & Commander LLP, Melville, NY (Anthony V. Barbiero of counsel), for plaintiff/counterclaim defendant-appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Melville, NY (Amy M. Monahan of counsel), for plaintiff/counterclaim defendant-appellant.
Thomas Kadian LLC, New York, NY (Samuel J. Thomas of counsel), for defendants/counterclaim plaintiffs-respondents.
Saiber LLC, New York, NY (Gregory T. Dennison of counsel), for defendant-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff/counterclaim defendant appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated January 4, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants/counterclaim plaintiffs and the defendant which was to preclude the plaintiff/counterclaim defendant from introducing expert testimony.
ORDERED that the appeal is dismissed, without costs or disbursements.
The Supreme Court's determination granting that branch of the motion of the defendants/counterclaim plaintiffs and the defendant which was to preclude the plaintiff/counterclaim defendant from introducing expert testimony constituted an evidentiary ruling (see Thornhill v Degen, 185 AD3d 982, 983). "Such a ruling, even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion, which is not appealable, either as of right or by permission" (id. [internal quotation marks omitted]; see Washington v Todd, 210 AD3d 822, 822-823; Diller v Munzer, 141 AD3d 630, 630-631; Citlak v Nassau County Med. Ctr., 37 AD3d 640). Accordingly, the appeal must be dismissed.
The contention by the plaintiff/counterclaim defendant regarding recusal is improperly raised for the first time on appeal (see East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881).
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court