■ BEAL BANK, Respondent, v MELVILLE MAGNETIC RESONANCE IMAGING, P.C., et al., Appellants. [741 NYS2d 882] —In an action to recover on a promissory note, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 13, 2000, which granted the plaintiff's motion for summary judgment for the relief demanded in the complaint, and (2) a judgment of the same court, entered January 25, 2001, upon the order, which is favor of the plaintiff and against them in the principal sum of $733,854.84.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff the principal sum of the $68,000 as a penalty, and, upon searching the record, the plaintiffs' claim for $68,000 is dismissed; as so modified, the judgment is affirmed, without costs or disbursements, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted summary judgment to the plaintiff. The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating the existence of a promissory note executed by the defendant Melville Magnetic Resonance Imaging, P.C., and guaranteed by the defendant Fonar Corporation, the unconditional terms of repayment, and the defendants' default thereunder (*see Borg v Belair Ridge Dev. Corp.,* 270 AD2d 377; *Haselnuss v Delta Testing Labs.,* 249 AD2d 509). In opposition, the defendants did not raise a triable issue of fact.

The Supreme Court erred, however, in awarding the plaintiff the additional sum of $68,000. The provisions in the promissory note and workout agreement, which pertained to the addition of that amount to the principal sum due upon any event of default, constituted an unenforceable penalty (*see Quaker Oats Co. v Reilly,* 274 AD2d 565; *Willner v Willner,* 145 AD2d 236; *Manhattan Syndicate v Ryan,* 14 AD2d 323). There is no evidence in admissible form to support the court's finding that the additional $68,000 added to the principal constituted past due interest. The plaintiff failed to establish a proper foundation that an internal Federal Deposit Insurance Company memorandum constituted a business record, or otherwise fell within any other exception to the hearsay rule. Therefore, that document constituted inadmissible hearsay (*see* CPLR 4518 [a]; *Standard Textile Co. v National Equip. Rental,* 80 AD2d 911). Moreover, the affidavit of the plaintiff's asset manager, who was not involved in the loan negotiations and who had no personal knowledge of the intent of the parties with respect to the provision adding $68,000 to the principal sum due upon the defendants' default, had no probative value on this issue (*see Republic W. Ins. Co. v RCR Bldrs.,* 268 AD2d 574; *Repub-*

*lic Natl. Bank of N.Y. v Luis Winston, Inc.,* 107 AD2d 581). Accordingly, upon searching the record, the judgment must be modified to reduce the principal sum awarded by the amount of $68,000, and the amount of interest awarded must be reduced accordingly.

The defendants' remaining contentions are without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.