■ COUNTY OF NASSAU, Appellant, v YVETTE VELASQUEZ et al., Respondents, et al., Defendant. [844 NYS2d 439]—

In a civil forfeiture action pursuant to Nassau County Administrative Code § 8-7.0 (g) (4) (L 1939, chs 272, 701-709, as amended) the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered July 18, 2006, as, upon converting the motion of the defendants Yvette Velasquez and Alice E. Velasquez to dismiss the complaint insofar as asserted against them in the interest of justice pursuant to CPLR 1311 (4) into one for summary judgment dismissing the complaint insofar as asserted against them, granted the motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the respondents' converted motion for summary judgment dismissing the complaint insofar as asserted against them is denied, without prejudice to renewal upon the completion of discovery.

The defendant Yvette Velasquez (hereinafter the driver) was arrested on November 18, 2005, inter alia, for driving a motor vehicle while intoxicated in violation of Vehicle and Traffic Law § 1192 (2). The driver pleaded guilty to a violation of Vehicle and Traffic Law § 1192 (1), driving while ability impaired by alcohol. At the time of her arrest, the driver was operating a 2002 Mitsubishi motor vehicle (hereinafter the subject vehicle) owned by and registered to her mother, the defendant Alice Velasquez (hereinafter the owner).

On or about March 14, 2006 the plaintiff County of Nassau commenced this civil forfeiture action pursuant to Nassau County Administrative Code § 8-7.0 (g) (4) against the owner and the driver (hereinafter together the defendants) and MMCA, a lienholder.

In lieu of answering the complaint, the defendants, by notice of motion dated April 17, 2006, moved pursuant to CPLR 1311 (4) to dismiss the complaint insofar as asserted against them, in the interest of justice. In support of their motion, the defendants submitted an affirmation of their counsel, who attached copies of the registration, insurance card, and title pertaining to the subject vehicle. The defendants' counsel argued in her affirmation that the complaint should be dismissed pursuant to CPLR 1311 (4) because the owner had legal title to the subject vehicle and "did not give [the driver] actual or implied permission to operate the vehicle under an impaired ability." The defendants did not proffer any affidavits of their own in support of their motion.

By notice dated May 9, 2006, the County cross-moved for summary judgment on the complaint. In an affidavit relied upon by the County, the owner asserted "I was unaware nor [*sic*] did

I have any reason to know that my vehicle would be used in violation of Section 1192.1 of the vehicle and traffic law. I neither participated in nor permitted my daughter, Yvette, to use my vehicle for an illegal use."

In an order entered June 21, 2006, the Supreme Court, pursuant to CPLR 3211 (c), converted the defendants' motion pursuant to CPLR 1311 (4) into one for summary judgment dismissing the complaint insofar as asserted against them. No party challenged the conversion.

Thereafter, in an order entered July 18, 2006, the Supreme Court, inter alia, granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The court determined that the defendants, through the owner's affidavit, met their burden of establishing, prima facie, that the owner did not know or have reason to know that the driver would operate the vehicle in an impaired condition. The court also determined that the County, in opposition, failed to raise a triable issue of fact. We reverse.

The conclusory affidavit of the owner was insufficient to establish the defendants' entitlement to judgment as a matter of law (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385 [2005]; McDonald v Sunstone Assoc., 39 AD3d 603, 605 [2007]; Feldmus v Ryan Food Corp., 29 AD3d 940, 941 [2006]), as it failed to demonstrate, prima facie, that the owner "did not know, or ha[ve] reason to know, that there was a reasonable likelihood that the vehicle would be used in violation of any provision of" "section eleven hundred ninety-two of the Vehicle and Traffic Law" (Nassau County Administrative Code § 8-7.0 [g] [4] [f]; see County of Nassau v Aguilar, Sup Ct, Nassau County, Nov. 29, 2005, Parga, J., index No. 9259/05).

In any event, the County demonstrated that it did not have an adequate opportunity to conduct discovery into the issue of whether the owner could establish innocent ownership under the statute by exploring, inter alia, whether the driver was known to frequent places where alcohol was served and had previously consumed alcohol while driving, the driver's prior use of the subject vehicle and any restrictions thereon, whether the owner knew of the driver's intended whereabouts on the night in question, and any other issues related to the question of innocent ownership (see CPLR 3212 [f]; see e.g. Berchini v Silverite Constr. Co., 289 AD2d 434 [2001]). Contrary to the Supreme Court's reasoning, County of Nassau v Canavan (1 NY3d 134 [2003]) cannot be read to shift the burden to the County to disprove the affirmative defense of innocent ownership, which is available to the owner under Nassau County

Administrative Code § 8-7.0 (g) (4) (f) (*see generally Manion v Pan Am. World Airways*, 55 NY2d 398, 405 [1982]).

The defendants' failure to make a prima facie showing requires the denial of the motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.