■ COUNTY OF NASSAU, Respondent, v HUGO ROJAS, Appellant.
[856 NYS2d 124]—

In the early morning hours of July 16, 2004, the defendant was driving along Old Country Road in Nassau County when the police stopped him for several traffic infractions. After observing the defendant and administering a breathalyzer test, the police arrested him on a charge of driving while intoxicated. At the time of the arrest, the police legally parked the defendant's car at the scene and transported him to the Nassau County Police Department Central Testing Unit. There, he was provided with a vehicle seizure notice informing him that his vehicle was subject to forfeiture, and requiring him to retain possession of the vehicle until the forfeiture action had concluded. Subsequently, after the defendant entered a plea of guilty to a reduced charge of driving while ability impaired, the plaintiff, Nassau County, commenced this action pursuant to Nassau County Administrative Code § 8-7.0 (g) (4) (hereinafter Code § 8-7.0 [g] [4]) against him, seeking forfeiture of his vehicle. Shortly thereafter, the County moved for summary judgment on the complaint and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted the County's motion, denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint, and directed the defendant to surrender possession of the subject vehicle to the plaintiff. We affirm.

Contrary to the defendant's contention, Code § 8-7.0 (g) (4)

does not provide for a civil in rem forfeiture action which would have required the physical seizure of his vehicle. Rather, it provides for a civil in personam forfeiture action similar in some respects to CPLR 1311. While characterized as civil (*see United States v One Assortment of 89 Firearms*, 465 US 354, 363 [1984]; Weinstein-Korn-Miller, NY Civ Prac ¶ 1311.02 [2d ed]), Code § 8-7.0 (g) (4) requires that there be an adjudication of guilt against the driver and affords an "innocent owner" the opportunity to assert an affirmative defense (*County of Nassau v Velasquez*, 44 AD3d 987, 989 [2007]; *see* Nassau County Administrative Code § 8-7.0 [g] [4], [5]; *United States v Bajakajian*, 524 US 321, 330 [1998]; *Holtzman v Samuel*, 130 Misc 2d 976, 978 [1985]; *cf. Various Items of Personal Property v United States*, 282 US 577, 581; *Ford Motor Credit Co. v Molomo*, 179 AD2d 210, 213 [1992], *affd* 81 NY2d 936 [1993]). Moreover, the County proceeds against the defendant personally and not the vehicle (*see United States v Bajakajian*, 524 US at 331-332; *cf. Various Items of Personal Property v United States*, 282 US at 581; *Ford Motor Credit Co. v Molomo*, 179 AD2d at 213). Therefore, since Code § 8-7.0 (g) (4) provides for a civil in personam forfeiture action, jurisdiction was not dependent upon the seizure of the defendant's vehicle (*see County of Nassau v Patel*, 10 Misc 3d 1052[A], 2005 NY Slip Op 51913[U] [2005]; *cf. United States v One Assortment of 89 Firearms*, 465 US at 363).

The defendant's remaining contentions are without merit. Prudenti, P.J., Lifson, Covello and Balkin, JJ., concur.