■ BRIAN CURRIE et al., Respondents, v SUSAN WILHOUSKI et al., Defendants and AMICA MUTUAL INSURANCE COMPANY, Appellant. [941 NYS2d 218]—

In an action, inter alia, for a judgment declaring that the defendant Amica Mutual Insurance Company is obligated to provide coverage for certain damage to the plaintiffs' property, the defendant Amica Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated January 27, 2011, as denied its motion for summary judgment, in effect, declaring that it is not obligated to provide such coverage.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the motion of the defendant Amica Mutual Insurance Company (hereinafter Amica) for summary judgment, in effect, declaring that it is not obligated to provide coverage for certain damage to a retaining wall on the plaintiffs' property. Amica failed to establish its prima facie entitlement to judgment as a matter of law. The affirmation of Amica's attorney was not based upon personal knowledge and thus was of no probative or evidentiary significance (*see US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]; *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2006]). Likewise, the affidavit of Robert Waldner, Amica's branch claims manager, was not based upon personal knowledge regarding the subject loss and, thus, had no probative or evidentiary value (*see e.g. Beal Bank v Melville Magnetic Resonance Imaging*, 294 AD2d 320, 321 [2002]).

While the plaintiffs acknowledged in their bill of particulars that the section of the subject policy pertaining to "Collapse" was inapplicable, they also stated in their bill of particulars that the loss was a peril insured against, and that none of the exclusions to coverage cited in Amica's disclaimer letter was applicable. Therefore, contrary to Amica's contention, the statements contained in the plaintiffs' bill of particulars did not constitute a written admission by the plaintiffs that the subject loss was not covered, or was excluded from coverage, under the policy.

In addition, Amica's contention that the letter from the plaintiffs' expert engineer, Steven McEvoy, to the plaintiffs provided support for its motion is erroneous. McEvoy's letter was unsworn and failed to specify his qualifications. Therefore, the letter from McEvoy submitted by Amica was not evidentiary material in admissible form and was also without probative value (*see Hagan v General Motors Corp.*, 194 AD2d 766 [1993]; *Abrahamsen v Brockway Glass Co.*, 156 AD2d 615 [1989]).

Since Amica failed to submit admissible proof, such as depositions or written admissions, or an affidavit by a person having

knowledge of the facts, it failed to establish its prima facie entitlement to judgment as a matter of law (*see* CPLR 3212 [b]).

In light of Amica's failure to meet its prima facie burden, we need not review the sufficiency of the plaintiffs' opposition papers (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384 [2005]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *County of Nassau v Velasquez*, 44 AD3d 987 [2007]).

Accordingly, the Supreme Court properly denied Amica's motion for summary judgment, in effect, declaring that it is not obligated to provide coverage for certain damage to the plaintiffs' property. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.