Target National Bank, Respondent,
against
Richard D. Sokoloff, Appellant.



Appeal from an order of the District Court of Suffolk County, First District (Vincent J. Martorana, J.), dated June 27, 2014. The order granted plaintiff's motion for summary judgment dismissing the counterclaim and, on the court's own motion, granted plaintiff summary judgment on its cause of action based upon an account stated.




ORDERED that, on this court's own motion, the notice of appeal from so much of the order as, on the District Court's own motion, granted plaintiff summary judgment on its cause of action based upon an account stated is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see UDCA 1702 [c]); and it is further,
ORDERED that the order is modified by striking the provision granting, on the District Court's own motion, summary judgment to plaintiff on plaintiff's cause of action based upon an account stated; as so modified, the order is affirmed, without costs.
Plaintiff brought this action for breach of contract and based upon an account stated after defendant had defaulted on his monthly credit card payments. Defendant served his answer with affirmative defenses, and a counterclaim alleging that he was harmed because plaintiff had brought this action to embarrass him. Plaintiff thereafter moved for summary judgment dismissing defendant's counterclaim and defendant opposed. The District Court granted the motion and, on its own motion, granted plaintiff summary judgment on its cause of action based upon an account stated, awarding plaintiff the principal sum of $6,680.72.
Upon a review of the record, we find that the court properly granted plaintiff's motion for summary judgment dismissing defendant's counterclaim since it failed to state a cause of action, whether based on an abuse of process (see Curiano v Suozzi, 63 NY2d 113 [1984]) or malicious prosecution (see Hornstein v Wolf, 109 AD2d 129 [1985]).
However, the court should not, on its own motion, have granted summary judgment in favor of plaintiff on plaintiff's cause of action based upon an account stated, as that was not the cause of action which was the subject of the motion (see City Wide Payroll Serv., Inc. v Israel Discount Bank of NY, 239 AD2d 537 [1997]). We note, in any event, that plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law on this cause of action (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). The affirmation of plaintiff's attorney was not based upon personal knowledge and was of no probative value (see Currie v Wilhouski, 93 AD3d 816 [2012]). Moreover, plaintiff failed to lay a proper foundation for the admission of the copies of the credit card statements and other documents submitted with its motion.
Accordingly, the order is modified by striking the provision granting, on the District Court's own motion, summary judgment to plaintiff on plaintiff's cause of action based upon an account stated.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: March 23, 2016