United Specialty Ins. v Columbia Cas. Co. (2020 NY Slip Op 04511)





United Specialty Ins. v Columbia Cas. Co.


2020 NY Slip Op 04511


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-06731
 (Index No. 703959/16)

[*1]United Specialty Insurance, etc., appellant,
v
Columbia Casualty Company, etc., respondent, et al, defendants.


Jeffrey Samel, New York, NY (Robert G. Spevack of counsel), for appellant.
CNA Coverage Litigation Group, New York, NY (Marian S. Hertz of counsel), for respondent.



DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered May 23, 2017. The order, insofar as appealed from, granted the motion of the defendant Columbia Casualty Company for summary judgment, in effect, declaring that it was not obligated to defend and indemnify the defendant Dry Harbor HRF, Inc., and thus, was not obligated to reimburse the plaintiff for defense and indemnification costs the plaintiff incurred in the underlying actions commenced by three residents of the defendant Dry Harbor HRF, Inc.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Columbia Casualty Company for summary judgment, in effect, declaring that it was not obligated to defend and indemnify the defendant Dry Harbor HRF, Inc., and thus, was not obligated to reimburse the plaintiff for defense and indemnification costs the plaintiff incurred in the underlying actions commenced by three residents of the defendant Dry Harbor HRF, Inc., is denied.
The defendant Dry Harbor HRF, Inc. (hereinafter Dry Harbor), operates a nursing home in Middle Village. From December 3, 2012, until December 3, 2013 (at 12:01 a.m.), the defendant Columbia Casualty Company (hereinafter CCC) insured Dry Harbor pursuant to a "Claims-Made" general liability policy, a type of liability insurance policy that requires that a claim be made or reported to the carrier within the policy period in order to be covered. The plaintiff
provided coverage to Dry Harbor upon expiration of CCC's policy on December 3, 2013. Thereafter, when three residents made certain claims and commenced actions against Dry Harbor in 2014 (hereinafter the underlying actions), the plaintiff provided defense and indemnification to Dry Harbor. The plaintiff, believing that the claims arose during CCC's coverage period and that CCC was provided timely notice, commenced this action seeking, inter alia, a judgment declaring that CCC's policy was primary with respect to those claims and, therefore, CCC was required, inter alia, to reimburse the plaintiff for the costs it had expended in defending Dry Harbor to date with respect to the underlying actions.
CCC moved for summary judgment, in effect, declaring that it was not obligated to [*2]defend and indemnify Dry Harbor, and thus, was not liable to reimburse the plaintiff for defense and indemnification costs the plaintiff incurred in the underlying actions. CCC contended that it had not received notice of the claims in a timely and sufficiently detailed manner from its insured, Dry Harbor. and, therefore, had no obligation to either Dry Harbor or the plaintiff with respect to those claims. The Supreme Court, inter alia, granted CCC's motion. The plaintiff appeals.
We disagree with the Supreme Court's award of summary judgment in CCC's favor as CCC failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law. The affirmation of CCC's attorney was not based upon personal knowledge and, thus, was of no probative or evidentiary significance (see Currie v Wilhouski, 93 AD3d 816, 817). "The affidavit or affirmation of an attorney, even if he [or she] has no personal knowledge of the facts, may, of course, serve as the vehicle for the submission of acceptable attachments which do provide evidentiary proof in admissible form, e.g., documents, transcripts" (Zuckerman v City of New York, 49 NY2d 557, 563 [internal quotations marks omitted]). Here, however, the submissions by CCC on the motion were not in admissible form (see DeLuca v RLI Ins. Co., 153 AD3d 662, 663). The emails and letters were offered for the truth of their contents and, therefore, constituted hearsay (see generally People v Kass, 59 AD3d 77). CCC failed to establish that any exception to the hearsay rule applied (see DeLuca v RLI Ins. Co., 153 AD3d at 663). Since CCC failed to submit admissible evidence or an affidavit by a person having knowledge of the facts, it failed to establish its prima facie entitlement to judgment as a matter of law (see CPLR 3212[b]; Currie v Wilhouski, 93 AD3d at 817-818).
In light of CCC's failure to meet its prima facie burden, we need not consider the sufficiency of the submissions in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; DeLuca v RLI Ins. Co., 153 AD3d at 663; Currie v Wilhouski, 93 AD3d at 818).
The plaintiff's remaining contentions need not be reached in light of our determination.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court