Brickstone Group LLC v Pro Choice Roofing LLC (2024 NY Slip Op 50107(U))

[*1]

Brickstone Group LLC v Pro Choice Roofing LLC

2024 NY Slip Op 50107(U)

Decided on January 30, 2024

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 30, 2024
Supreme Court, Nassau County

Brickstone Group LLC, Plaintiff,

against
Pro Choice Roofing LLC DBA Pro Choice Roofing and Brian Wade Price, Defendants.

Index No. 614975/2021

Sarika Kapoor, J.

NYSCEF document numbers 63-74 and 78-80 were read and considered in deciding this motion.
Relief Requested
The plaintiff moves for summary judgment on the complaint.

 Background
On or about November 17, 2021, the plaintiff entered into an agreement with the defendant Pro Choice Roofing LLC DBA Pro Choice Roofing (hereinafter Pro Choice), pursuant to which the plaintiff agreed to purchase from Pro Choice future receivables with a face value of $140,000 for the purchase price of $100,000. Pro Choice's obligations under the contract were personally guaranteed by the defendant Brian Wade Price (hereinafter Price). The plaintiff alleges that, while Pro Choice initially met its obligations under the agreement, it defaulted on or about November 23, 2021, when Pro Choice prevented the plaintiff from making agreed upon ACH withdrawals. The plaintiff alleges that Pro Choice made payments totaling $5,799.99, leaving a balance of $139,200.01. In the complaint, the plaintiff seeks the sum of $139,200.01 with interest from November 23, 2021, plus costs and disbursements. The defendants filed an answer, wherein they denied the material allegations of the complaint and asserted various affirmative defenses.

Motion Sequence 005
The plaintiff moves for summary judgment on the complaint. In a memorandum of law submitted in support of the motion, counsel for the plaintiff asserts that the plaintiff's affidavit and other annexed documentation establish the existence of a contract with Pro Choice and a personal guaranty with Price, breach of both, and damages resulting from the breaches. The plaintiff seeks judgment in the amount of $139,200.01, plus interest at the rate of 9% from the [*2]date of default, plus reasonable attorney's fees and costs. In support of the motion, the plaintiff submits an affidavit from Shia Dembitzer, the CEO of the plaintiff. Dembitzer states that, pursuant to the agreement, Pro Choice was required to deposit all its receipts into one approved deposit account, and the purchased amount of $145,000 was to be remitted to the plaintiff via daily ACH debits in the sum of $1,933.33, which was a good-faith estimate of 25% of Pro Choice's daily receipts. Dembitzer asserts that on or about November 27, 2021, Pro Choice defaulted by placing a stop payment on the plaintiff's debits to the account. Dembitzer further states that Price breached the personal guaranty by failing to perform Pro Choice's obligations under the contract. The plaintiff also submits a document labeled "Remittance History" which shows daily withdrawals in the sum of $1,9333.33 for November 18, 19, and 22, 2021, and that payments were stopped on November 23 and 24, 2021. The plaintiff also submits a copy of the agreement and the personal guaranty.
In a memorandum of law in opposition, counsel for the defendants asserts that the affidavit of Dembitzer is a nullity because it states that it was sworn to in New York but it was notarized in Florida, and that neither box—delineating physical presence or online notarization—is checked. Moreover, if the affidavit was notarized in Florida, it is missing the certificate of conformity required by CPLR 2309(c). Counsel further asserts that Dembitzer failed to lay a proper foundation for the admission of the business records submitted in support of the motion. Additionally, with respect to the document labeled "Remittance History," counsel asserts that it "is a two-page hodgepodge of numbers absent proper authentication" by a representative of the plaintiff. With respect to the copy of the agreement submitted in support of the motion, counsel for the defendants asserts that it is unsigned. Counsel further contends that the agreement required the defendants to obtain business interruption insurance naming the plaintiff as a loss payee, and if the defendants failed to obtain this insurance, then the plaintiff never should have made the loan. Counsel also contends that the plaintiff failed to address the defendants' affirmative defenses, including the affirmative defense that the agreement is unconscionable and void as against public policy and that the agreement is a usurious loan. Lastly, counsel contends that the moving papers failed to comply with 22 NYCRR 202.8-b(c) because counsel did not submit a word count certification.
In a memorandum of law in reply, counsel for the plaintiff asserts that the affidavit of Dembitzer was executed in Florida, and the typographical error on the first page of the affidavit and the failure to provide a certificate of conformity should be disregarded pursuant to CPLR 2001. Counsel further contends that Dembitzer's affidavit laid a sufficient foundation for the business records exception to the hearsay rule.

Discussion
Where an affidavit is signed and notarized out of state and is not accompanied by a certification in accordance with CPLR 2309(c), the defect is not necessarily fatal and may be disregarded pursuant CPLR 2001 (see e.g. Moore v DL Peterson Trust, 172 AD3d 1058, 1059-1060 [2d Dept 2019]; Clements v Securitas Sec. Servs. USA, Inc., 170 AD3d 799, 800 [2d Dept 2019]; Matos v Salem Truck Leasing, 105 AD3d 916, 917 [2d Dept 2013]).
Here, however, it is not a situation where an affidavit was signed and notarized out of state. Rather, the affidavit indicates that it was signed in New York and notarized in Florida. Moreover, it does not contain the certification required by CPLR 2309(c). Under these circumstances, the affidavit if not in admissible form and has not been considered (see Poliah v CK Limousine Serv., Inc., 2018 NY Misc LEXIS 30757, *3 [Sup Ct, Queens County 2018]; [*3]Francisco v Nimmo, 2018 NY Misc LEXIS 25798, *5-6 [Sup Ct, Queens County 2018]; Scilleppi v Metropolitan Transp. Auth., 40 Misc 3d 1241[A] [Sup Ct, Kings County 2013]; Washington Mut. Bank v Phillip, 29 Misc 3d 1227[A] [Sup Ct, Kings County 2010]).
As the purported affidavit submitted in support of the plaintiff's motion is a nullity, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (see CPLR 3212[b]; see e.g. United Specialty Ins. v Columbia Cas. Co., 186 AD3d 650, 651-652 [2d Dept 2020]; Cullin v Spiess, 122 AD3d 792, 793 [2d Dept 2014]; Currie v Wilhouski, 93 AD3d 816 [2d Dept 2012]).
Accordingly, the plaintiff's motion for summary judgment on the complaint must be denied, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

Conclusion
Based on the forgoing, it is hereby
ORDERED that the plaintiff's motion for summary judgment on the complaint is DENIED; and it is further,
ORDERED that the parties are directed to appear on Thursday, April 4, 2024 at 9:30 a.m. for an in-person status conference.
The parties' remaining contentions have been considered and do not warrant discussion.
Any other relief requested not specifically addressed herein is DENIED.
This shall constitute the decision and order of this Court.
Dated: January 30, 2024
Mineola, New York
HON. SARIKA KAPOOR, A.J.S.C.