Swain v Rahman (2024 NY Slip Op 06074)

Swain v Rahman

2024 NY Slip Op 06074

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-05409
2023-06321
 (Index No. 619838/20)

[*1]Anton Swain, appellant, 
v
Mohammad A. Rahman, et al., defendants. (Appeal No. 1)
Anton Swain, appellant, 
v
Mohammad A. Rahman, et al., respondents, et al., defendants. (Appeal No. 2)

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Monica P. Becker of counsel), for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for defendants Mohammad A. Rahman and Flying Carpet Cab, LLC, in Appeal No. 1 and respondents in Appeal No. 2.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated June 1, 2022, and (2) an order of the same court (C. Stephen Hackeling, J.) dated May 15, 2023. The order dated June 1, 2022, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability against the defendants Mohammad A. Rahman and Flying Carpet Cab, LLC, and dismissing those defendants' affirmative defense alleging comparative negligence. The order dated May 15, 2023, denied the plaintiff's motion, in effect, for leave to reargue his prior motion for summary judgment on the issue of liability against the defendants Mohammad A. Rahman and Flying Carpet Cab, LLC, and dismissing those defendants' affirmative defense alleging comparative negligence.
ORDERED that the appeal from the order dated May 15, 2023, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated June 1, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Mohammad A. Rahman and Flying Carpet Cab, LLC, payable by the plaintiff.
The plaintiff commenced this action against the defendants Mohammad A. Rahman and Flying Carpet Cab, LLC (hereinafter together the defendants), among others, to recover damages for personal injuries that the plaintiff alleged he sustained when he was a passenger in a vehicle that was struck in the rear by the defendants' vehicle. In an order dated June 1, 2022, the Supreme Court, inter alia, denied the plaintiff's motion for summary judgment on the issue of liability against the defendants and dismissing their affirmative defense alleging comparative negligence. The plaintiff appeals.
A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 201). Such a motion must be supported "by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (CPLR 3212[b]). To make a prima facie showing, the moving party must "demonstrate its entitlement to summary judgment by submission of proof in admissible form" (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 507; see Zuckerman v City of New York, 49 NY2d 557, 562). Admissible evidence may include affidavits by persons having knowledge of the facts and reciting the material facts (see CPLR 3212[b]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d at 508; GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967).
Here, in support of his motion for summary judgment on the issue of liability against the defendants and dismissing their affirmative defense alleging comparative negligence, the plaintiff submitted only a copy of the pleadings and an affirmation of his attorney, who had no personal knowledge of the facts, and the plaintiff failed to establish his entitlement to judgment as a matter of law on the issue of liability against the defendants and dismissing their affirmative defense alleging comparative negligence (see CPLR 3212[b]; Zuckerman v City of New York, 49 NY2d at 563; United Specialty Ins. v Columbia Cas. Co., 186 AD3d 650, 651). Accordingly, the Supreme Court properly denied the plaintiff's motion.
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court