Do All Interiors, Inc. v Penn-Star Ins. Co. (2025 NY Slip Op 50867(U))

[*1]

Do All Interiors, Inc. v Penn-Star Ins. Co.

2025 NY Slip Op 50867(U)

Decided on May 5, 2025

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 5, 2025
Supreme Court, New York County

Do All Interiors, Inc., Plaintiff,

against
Penn-Star Insurance Company, Defendant.

Index No. 654460/2023

Brody Law Group, PLLC, New York, NY (Adam Frank of counsel), for plaintiff
Hurwitz Fine, P.C., Buffalo, NY (Steven E. Peiper of counsel), for defendant

Gerald Lebovits, J.

This is an insurance-coverage action. Plaintiff, Do All Interiors, Inc., was a subcontractor on a construction project. Do All's subcontractor, non-party Astro Interior Corp., is the named insured on an insurance policy issued by defendant, Penn-Star Insurance Company. Do All was sued as a third-party defendant in an underlying personal-injury action brought by nonparty Luis Antonio Zamora Sacoto (Zamora) in Supreme Court, Bronx County. In December 2022, Do All tendered the defense of the third-party complaint to Penn-Star. In March 2023, Penn-Star disclaimed coverage.
Do-All then brought this action, seeking a declaration that Penn-Star owes it a duty to defend and indemnify in the underlying action; and seeking reimbursement of defense (and any [*2]indemnity) costs. Do All now moves for summary judgment on its claim for a declaration with respect to the duty to defend, and on its claim for reimbursement of defense costs. The motion is granted.
DISCUSSION
The parties' arguments on this motion concern three principal questions: (i) Whether Do All is entitled to additional-insured coverage under the policy issued by Penn-Star to Astro Interior; (ii) whether the claims against Do All in the underlying action come within the scope of any additional-insured coverage provided by the policy; and (iii) whether those claims are nonetheless excluded from coverage by a policy exclusion. These questions are considered in turn below.
I. Whether Do All Has Established as a Matter of Law that it is an Additional Insured under the Policy Issued by Penn-Star to Astro Interior
Do All contends first that, as a matter of law, it qualifies as an additional insured under the Astro Interior policy issued by Penn-Star. This court agrees.
The policy's additional-insured endorsement provides that "any . . . contractor for whom you are performing operations is an additional insured" if Astro has "agreed in a written contract or written agreement that such person or organization be added as an additional insured on your policy." (NYSCEF No. 28 at 68.) Do All has introduced on this motion a copy of its subcontract with Astro Interior. (See NYSCEF No. 27.) The contract provides that Astro shall obtain and maintain insurance that will protect Do All for claims arising out of Astro's contractual work; and that this insurance "shall include . . . additional insured coverage . . . for the benefit of" Do All. (Id. at ¶¶ 2, 2.1.) These contractual provisions satisfy the additional-insured endorsement's "agreed in a written contract" requirement.
In opposing summary judgment, Penn-Star argues that Do All's submissions are insufficient to establish that Do All and Astro entered into the contract on which Do All relies. This argument is unpersuasive. Penn-Star asserts that the contract provided by Do All is not in admissible form because it has been submitted as an exhibit to an attorney affirmation in which the affiant "does not allege that he has personal knowledge of the existence of the document, or that he is qualified to verify the accuracy of the document." (NYSCEF No. 40 at 9.) But Penn-Star does not provide authority that these requirements are conditions of admissibility—particularly when, as here, the attorney represents that the document submitted is a "true and complete cop[y]" of the contract.[FN1]
(NYSCEF No. 16 at ¶ 3 [affirmation].) To the [*3]contrary, an attorney affirmation is sufficient for summary-judgment purposes "if it is based on documentary evidence in the attorney's possession." (Cerulean Land Developers Corp. v Colon Dev. Corp., 144 AD2d 615, 616 [2d Dept 1988].)
Penn-Star also argues that "there are real concerns about the integrity of the purported Do All/Astro contract." (NYSCEF No. 40 at 9.) But beyond taking issue with the language of some of Do All interrogatory responses, the only evidence to which Penn-Star points is that the date of the Do All/Astro subcontract was several months before the date of the contract between Do All and the general contractor. (See id. at 12.) This date discrepancy is admittedly somewhat odd. This court is not persuaded, though, that, without more, the date discrepancy is enough to create a genuine dispute of material fact about whether the contract relied on by Do All is a forgery or fabrication—or a genuine contract pertaining only to a slightly earlier construction project at the same address. That is particularly true given that Penn-Star carefully does not assert that the contract at issue is, in fact, fabricated or about a different project. Indeed, given Penn-Star's interview of Astro's principal (see NYSCEF No. 48 at 2-3), one would expect Penn-Star to make that assertion if a basis existed to do so.
Do All has established as a matter of law that, based on the terms of the written contract between it and Astro, it is an additional insured on Astro's policy.
II. Whether Do All Has Established as a Matter of Law that it Has Additional-Insured Coverage under the Policy Issued by Penn-Star to Astro Interior
That Do All is an additional insured on the Astro policy does not end the inquiry. This court still must determine whether, for purposes of the duty to defend, Do All has additional-insured coverage with respect to the particular claims brought against it in the underlying action.
An insurer's duty to defend is "exceedingly broad." (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006].) This duty will arise when the allegations in a complaint, liberally construed, "state a cause of action that gives rise to the reasonable possibility of recovery under the policy." (Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65 [1991].) That is true even when "facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered." (Id. at 63.)
The additional-insured endorsement at issue provides coverage for liability for bodily injury "caused, in whole or in part, by your acts or omissions, or the acts or omissions of those [*4]acting on your behalf in the performance of your ongoing operations performed for" the putative additional insured. (NYSCEF No. 28 at 68.) This language affords coverage only when the acts or omissions of Astro (or any Astro subcontractors) in performing work for Do All are "the proximate cause of the injury giving rise to liability, not merely the 'but for' cause." (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 324 [2017].)
The question presented on this motion, therefore, is whether Do All has established as a matter of law that the allegations of Zamora's pleadings in the underlying action give rise to a reasonable possibility that Astro's acts or omissions proximately caused Zamora's injuries. This court concludes that Do All has done so.
The complaint in the underlying action alleges that while working at the project site as an employee of "Astro Construction Inc.," Zamora "was caused to fall from an unsafe and defective elevated safety device," sustaining serious injuries; and that his injuries stemmed from the negligence of the defendants in the underlying action.[FN2]
(NYSCEF No. 19 at ¶¶ 81-85.) The third-party complaint against Do All alleges that responsibility for Zamora's alleged injuries lay with "the negligence, carelessness, recklessness and culpable conduct of" Do All. (NYSCEF No. 29 at ¶ 30.) And the second-third-party complaint filed against Astro by Do All alleges that Astro employed Zamora at the time of the accident as part of Astro's (sub)contractual work for Do All; that Astro directed and controlled Zamora's work; and that any liability in the underlying action of Do All would stem from Astro's negligence. (NYSCEF No. 22 at ¶¶ 8, 9, 14, 21.) The allegations of the complaint and third-party complaints in the underlying action, liberally construed, establish a reasonable possibility that Zamora's bodily injuries were proximately caused by Astro's acts or omissions—and thus that the resulting claims against Do All are covered by the Astro policy.
In opposition, Penn-Star, relying on decisions of the U.S. District Court for the Southern District of New York, contends that Do All's "argument that it could, essentially, use its Second Third-Party Action to trigger coverage under the Penn-Star policy is misplaced." (NYSCEF No. 40 at 18, citing New Hampshire Ins. Co. v Travelers Indem. Co., 2024 WL 1484191 [SD NY Apr. 5, 2024].) This contention is unpersuasive. The Appellate Division, First Department, has made clear in a series of recent decisions that the allegations of third-party pleadings may properly be considered in determining whether an insurer owes an additional insured a duty to [*5]defend.[FN3]
(See Titan Indus. Servs. Corp. v Navigators Ins. Co., 223 AD3d 426, 428 [1st Dept 2024]; Live Nation Mktg., Inc. v Greenwich Ins. Co., 188 AD3d 422, 423 [1st Dept 2020]; All State Interior Demolition Inc. v Scottsdale Ins. Co., 168 AD3d 612, 613 [1st Dept 2019]; Mt. Hawley Ins. Co. v American States Ins. Co., 168 AD3d 558, 558-559 [1st Dept 2019]; Indian Harbor Ins. Co. v Alma Tower, LLC, 165 AD3d 549, 549 [1st Dept 2018].)
Penn-Star also cites the First Department's decision in Hanover Insurance Co. v. Philadelphia Indemnity Insurance Co. (159 AD3d 587 [1st Dept 2018]). But Hanover Insurance is inapposite. In that case, the named insured's employee, a security guard, slipped and fell on a wet floor in the additional insured's building while patrolling under the contract between the named insured and the additional insured. The Court held that the additional insured was not covered under the applicable policy for duty-to-defend purposes because only the acts of the additional insured, not the named insured, proximately caused the guard's injury. (See id. at 588; American Cas. Co. of Reading, Pa. v Colony Ins. Co., 2025 NY Slip Op 50403[U], at *3 n 2 [Sup Ct, NY County 2025] [discussing this aspect of Hanover Insurance].) Here, on the other hand, the complaint and third-party complaints in the underlying action allege that (i) Zamora was injured while working on the job for the named insured (Astro); (ii) he was injured by falling from an unsafe ladder; (iii) Astro was responsible for the unsafe ladder.[FN4]
 Those allegations sufficiently establish for duty-to-defend purposes that the named insured's acts or omissions proximately caused Zamora's injury.
Penn-Star also argues that an issue of fact exists about whether Zamora was employed by Astro, and therefore that Do All assertedly cannot establish as a matter of law that Penn-Star's duty to defend has been triggered. (See NYSCEF No. 36 at ¶¶ 22-23 [attorney affirmation].) This is incorrect. The duty to defend arises when the pleadings give rise to a reasonable possibility of coverage. A factual dispute about Zamora's employment status at the time of his injury would not defeat summary judgment. Only definitive proof that Zamora was not acting on Astro's behalf on the construction project when he was injured—which Penn-Star has not furnished—would oust the duty to defend. (See All State Interior Demolition, 168 AD3d at 613.)
III. Whether Do All's Additional-Insured Coverage under the Policy Issued by Penn-Star to Astro is Ousted by a Policy Exclusion
Penn-Star also argues that it does not owe Do All a duty to defend because a policy exclusion ousts additional-insured coverage for Do All for the claims in the underlying action. It is undisputed that the policy excludes coverage for bodily-injury claims asserted by employees of Astro. (See NYSCEF No. 28 at 61.) But Penn-Star's reliance here on the employee exclusion is unavailing. Penn-Star did not disclaim coverage on that basis.
Insurance Law § 3420 (d) (2) provides that an insurer's disclaimer of coverage for bodily injury must be provided in writing "as soon as is reasonably possible." A disclaimer must provide "a high degree of specificity of the ground or grounds on which the disclaimer is predicated, and any ground known to the insurer but not then asserted is waived." (Hartford Underwriting Ins. Co. v Greenman-Pederson, Inc., 111 AD3d 562, 563 [1st Dept 2013].) And the disclaimer must be unequivocal. (See Titan Indus. Servs. Corp. v Navigators Ins. Co., 223 AD3d 426, 428 [1st Dept 2024].)
Penn-Star did not specifically and unequivocally disclaim coverage for Do-All on the basis of the employee exclusion in the Astro policy. Penn-Star's first letter in response to Do-All's tender was sent on January 25, 2023, 28 days after Do All's tender was received. (See NYSCEF No. 47 [letter]; NYSCEF No. 49 at ¶¶ 6-7 [affirmation attesting to date of receipt].) That letter stated that Penn-Star lacked sufficient information at that time to assess Do All's tender fully, but that given the policy's employee exclusion, "if it is confirmed that Mr. Sacoto was employed by Astro Interiors Corp at the time of the alleged incident on September 29, 2022, then coverage for all claims would be excluded whether Do All Interiors is an insured under the policy or not." (NYSCEF No. 47 at 2, 8 [emphases added].)
Penn-Star's second letter was sent two months later, on March 27, 2023. (See NYSCEF No. 48.) That letter stated that, in investigating the claim, Penn-Star had interviewed Astro's principal, that he had specifically denied employing Zamora, and that he had claimed that he was the only Astro-related worker on the job site on the alleged date of injury. (Id. at 3.) Based on these representations by Astro's principal, and the lack of written records reflecting that Zamora worked for Astro, Penn-Star took the position that additional-insured coverage was absent because "the incident was not 'caused in whole or in part, by an act or omission' of Astro." (Id.) The letter went on to say that under the employee exclusion, "[i]f it is eventually determined that Mr. Avendano is mistaken and Mr. Sacotto was, in fact, employed by Astro at the time of the alleged incident on September 29, 2022, then coverage for all claims would be excluded." (Id. at 10 [emphases added].)
These letters do not specifically and unequivocally disclaim coverage on the basis of the employee exclusion. To the contrary, the disclaimer in the second letter is grounded on the absence of an employer-employee relationship between Astro and Zamora. Nor does Penn-Star now contend otherwise. At most, Penn-Star argues that it "apprised" Do All "since very early on" of the existence of the employee exclusion. (See NYSCEF No. 40 at 22.) That an insurer's letter in response to a tender mentioned a policy exclusion, though, is insufficient for purposes of [*6]later coverage litigation if the letter did not also "unequivocally state that [the insurer] was disclaiming coverage" on that basis. (Titan Industrial, 223 AD3d at 428.) The presence in the policy of the employee exclusion thus does not warrant denial of Do All's summary-judgment motion on the duty to defend.[FN5]

Accordingly, it is
ORDERED that Do All's motion for partial summary judgment is granted; and it is
ORDERED, ADJUDGED, and DECLARED that Penn-Star Insurance Company has a duty to defend Do All Interiors Inc. in the underlying personal-injury action in Supreme Court, Bronx County, Index No. 816651/2022E; and it is further
ORDERED that Penn-Star must reimburse Do All its reasonable attorney fees and costs incurred in the underlying action through the date of this order; and it is further
ORDERED that the amount of the reimbursement owed by Penn-Star to Do All shall be determined by motion made on notice, supported by appropriate documentation, filed within 30 days of service of a copy of this order with notice of its entry; and it is further
ORDERED that Do All shall serve notice of entry on Penn-Star and on all parties in the underlying personal-injury action.
DATE 5/5/2025

Footnotes

Footnote 1:Penn-Star misplaces its reliance (NYSCEF No. 40 at 9) on Currie v Wilhouski (93 AD3d 816 [2d Dept 2012]) and United Specialty Insurance v Columbia Casualty Co. (186 AD3d 650 [2d Dept 2020]). In Currie, movant was trying to use an attorney affirmation itself—not documents attached to the affirmation—to establish the necessary facts about the property damage at issue. (See Currie v Wilhouski, 2011 NY Slip Op 52531[U], at *2-3 [Sup Ct, Nassau County 2011], affd 93 AD3d at 817.) In United Specialty, the motion court had granted the insurer's motion for summary judgment based on documentary evidence attached to an attorney affirmation. (See United Specialty Ins. Co. v Columbia Cas. Co., 2017 WL 2732859, at *7 [Sup Ct, Queens County May 23, 2017].) The Appellate Division reversed—not because the affirmation failed to lay a sufficient foundation to introduce the documents at issue, but because those documents were inadmissible hearsay. (See United Specialty, 186 AD3d at 651.) Penn-Star does not contend that any hearsay problem exists here.

Footnote 2:Penn-Star, although noting the distinction between Astro Construction Inc. and Astro Interiors Corp. (see NYSCEF No. 41 at ¶¶ 4-7 [response to statement of material facts]), does not argue that this distinction creates a material difference for coverage purposes. In any event, a Workers' Compensation Board ALJ determined in 2023 that Astro Construction Inc. and Astro Interiors Corp. were in privity with respect to the construction work on which Zamora was injured. (See NYSCEF No. 26.) This determination although not necessarily entitled here to issue-preclusive effect (see Workers' Compensation Law § 118-a), is at a minimum consistent with this court's conclusion that the allegations in Zamora's complaint (and the ensuing third-party complaints) give rise to a reasonable possibility of coverage.

Footnote 3:Penn-Star also suggests that it is relevant to the coverage analysis that Astro's answer to Do All third-party complaint in the underlying action denies all of the allegations on which Do All now relies. (See NYSCEF No. 40 at 17-18.) Penn-Star cites no authority supporting this suggestion. Nor is this suggestion consistent with the contours of the duty to defend. That is, the duty to defend still exists when the allegations relied on are "debatable." (Allied World Assur. Co. (U.S.) Inc. v Aspen Specialty Ins. Co., 192 AD3d 449, 450 [1st Dept 2021].) And that duty continues until "it is shown unequivocally that the damages alleged would not be covered by the policy." (Sturges Mfg. Co. v Utica Mut. Ins. Co., 37 NY2d 69, 74 [1975].) That an answer denies allegations in a complaint does not unequivocally establish that those allegations are unfounded.

Footnote 4:Penn-Star misapplies the relevant legal standard in emphasizing that there is no "proof" that Astro was aware of any defective condition, or that Astro's acts or omissions caused Zamora's injuries. (NYSCEF No. 40 at 17 [emphasis added].)

Footnote 5:Because an exclusion ousts coverage for claims otherwise within the scope of the policy, requiring Penn-Star to defend Do-All in the underlying action (and to pay defense costs), notwithstanding the exclusion, would not impermissibly "create coverage where it never existed." (See Black Bull Contr., LLC v Indian Harbor Ins. Co., 135 AD3d 401, 403 [1st Dept 2016] [discussing this issue].)